**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LEE MADDEN                                                                                               PLAINTIFF
ADC #136534

V.                                          NO: 5:10CV00231 SWW/HDY

LARRY NORRIS *et al.*                                                                              DEFENDANTS

**ORDER**

Plaintiff, currently held at the Arkansas Department of Correction's East Arkansas Regional Unit, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* (docket entry #1), on August 9, 2010.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff's application for leave to proceed *in forma pauperis* will be denied.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had more than three prior civil actions dismissed for failure to state a claim upon which

1

relief may be granted.[1] Plaintiff's strikes have been recognized previously. *Madden v. Arkansas, state of et al.*, ED/AR No. 2:09CV157; *Madden v. Fault et al.*, ED/AR No. 2:10CV86, *Madden v. Foreman et al*, ED/AR No. 2:10CV107.

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff raises claims regarding events which allegedly occurred almost four years ago. Such claims do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. All pending motions are DENIED.

3. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 18th day of August, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] *See Madden et al. v. Jackson et al.*, ED/AR No. 5:08CV90; *Madden v. USA*, ED/AR No. 4:09CV648; *Madden v. Arkansas Department of Correction*, ED/AR 5:09CV175; *Madden v. Norris et al.*, 5:09CV200.